FILED
2009 Jun-29  AM 08:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED

09 JUN 25  PM 12: 08

U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| MARTY BROWNING, and BETTY BROWNING, ) <br><br> *Plaintiffs*, ) <br><br> v. ) <br><br> BANK OF AMERICA, a foreign corporation, ) CAPITAL ONE, a foreign limited liability ) company, TSYS TOTAL DEBT ) MANAGEMENT, a foreign corporation, ) EQUIFAX INFORMATION SERVICES, LLC, a ) foreign limited liability corporation, and ) EXPERIAN INFORMATION SOLUTIONS, INC, ) a foreign corporation, ) <br><br> Defendants. ) | Civil Action No.: _____ <br> JURY TRIAL DEMANDED <br><br> CV-09-HGD-1277-NE |

## COMPLAINT

COMES NOW Plaintiff, by and through the undersigned attorney, and would show unto this Court as follows:

## PRELIMINARY STATEMENT

1.     This petition is an action for statutory and actual damages, brought by an individual consumer (hereinafter referred to as "Plaintiff") against Defendants, jointly and severally, for violations of both the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (hereinafter referred to as "FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "FCRA").

2.     In addition, this petition seeks actual, compensatory, statutory, and/or punitive damages under Alabama state law and the Alabama Deceptive Trade Practices

Act, Ala. Code 1975 § 8-19-1, *et seq.* (hereinafter referred to as "ADTPA"),

pursuant to this Court's pendent and supplemental jurisdiction.

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court arises under the FDCPA, 15 U.S.C. § 1692k(d), the

FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental

jurisdiction pursuant to 28 U.S.C. § 1367.   Defendants' violations of Plaintiff's

rights, as alleged herein, occurred in Jackson, Alabama, and were committed

within the Northeastern Division of the Northern District of Alabama.

## PARTIES

4.      Plaintiffs MARTY BROWNING and BETTY BROWNING (hereinafter referred to as

"BROWNING" or "Plaintiff") are natural persons and residents and citizens of

Jackson County, the State of Alabama, and of the United States.   Plaintiffs are

"consumers" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975 §

8-19-3(2).

5.      Defendant BANK OF AMERICA, (hereinafter referred to as "BOA" or "Defendant")

is a foreign corporation engaged in the business of furnishing consumers with

credit in the State of Alabama.

6.      Defendant CAPITAL ONE, (hereinafter referred to as "CAPONE" or "Defendant")

is a foreign limited liability company engaged in the business of furnishing

consumers with credit in the State of Alabama.

7.      Defendant TSYS TOTAL DEBT MANAGEMENT, (hereinafter referred to as

"TSYS" or "Defendant") is a foreign corporation engaged in the business of furnishing consumers with credit in the State of Alabama.

8.     Defendant EQUIFAX INFORMATION SERVICES, LLC (hereinafter referred to as "EQUIFAX" or "Defendant") is a foreign limited liability company licensed to do business within the State of Alabama.   EQUIFAX is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

9.     Defendant EXPERIAN INFORMATION SOLUTIONS, INC (hereinafter referred to as "EXPERIAN" or "Defendant") is a foreign limited liability company licensed to do business within the State of Alabama.   EXPERIAN is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## **FACTUAL ALLEGATIONS**

10.    Plaintiff restates and reiterates herein all previous paragraphs.

11.    Plaintiff filed bankruptcy and was discharged on October 21, 2008 with all Defendants receiving a copy of the discharge order.   The case number is 08-82082 and it was filed in the Northern District of the Alabama Bankruptcy Court.

12.    Despite their receipt of the aforementioned court orders, Defendants BOA,
       CAPONE, and TSYS continued to report Plaintiffs' accounts to one or more of the
       three national consumer reporting agencies (hereinafter referred to as "CRAs") as
       having current balances due and payable rather than reflecting that such were
       discharged in bankruptcy.   More specifically, Defendant BOA shows a balance of
       $7,987.00 on EQUIFAX and EXPERIAN. Defendants CAPONE & TSYS show a
       balance of $615.00 on EXPERIAN.

10.    Defendants BOA, CAPONE, and TSYS have intentionally and maliciously failed
       and/or refused to either accurately report the accounts as having been discharged
       in bankruptcy or notify the CRAs that such accounts have a zero balance as a
       result of being discharged in bankruptcy.

11.    Plaintiffs' credit reports, credit worthiness, and credit scores have been negatively
       impacted by the inaccurate reporting of Defendants BOA, CAPONE, and TSYS.

12.    Defendants BOA, CAPONE, TSYS have proximately caused Plaintiffs past and
       future monetary loss, past and future damage to Plaintiffs' credit and credit
       worthiness, past and future mental distress and emotional anguish, and other
       damages that will be presented to the jury.

13.    Defendants BOA, CAPONE, and TSYS knew and know that a discharge order
       means Plaintiffs no longer owe the debts and have no personal liability to
       Defendants.   However, Defendants BOA, CAPONE, and TSYS have made a
       corporate decision to willfully and maliciously act contrary to their knowledge in a
       calculated decision to violate the requirements to properly update Plaintiffs'

accounts.

14.    Defendants BOA, CAPONE, and TSYS have a policy and procedure to refuse to
       properly update credit reports of consumers, such as Plaintiffs, who have
       discharged their debts.   The reason is to keep false information on their credit
       reports.   The false information consists of a balance shown as owed absent any
       reference to the debt being discharged in Bankruptcy.

15.    Defendants BOA, CAPONE, and TSYS update numerous accounts each month
       with allegedly the correct information regarding the balances but have willfully and
       maliciously refused to do so with Plaintiff and other consumers who are similarly
       situated.

16.    Defendants BOA, CAPONE, and TSYS have willfully and maliciously failed to
       report Plaintiffs' account as having "0" balance as required by 16 CFR § 607(6)
       which states, "a consumer report may include an account that was discharged in
       bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance
       due to reflect the fact that the consumer is no longer liable for the discharged debt."

17.    Defendants BOA, CAPONE, and TSYS have promised, through their subscriber
       agreements or contracts with the CRAs, to update accounts that have been
       discharged in bankruptcy but they have willfully, maliciously, recklessly, wantonly,
       and/or negligently failed to follow this requirement as well as the requirements set
       forth under the FCRA, FDCPA, ADTPA, federal law and state law which has
       resulted in this information remaining on Plaintiffs' credit reports.

18.    Defendants BOA, CAPONE, and TSYS have a policy to "park" its accounts on at

least one of the Plaintiff's credit reports.   This industry-specific term refers to keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

19.    In the context of parking an account, Defendants BOA, CAPONE, and TSYS have an obligation and duty under federal and state law to accurately report the balance and they willfully and maliciously refuse to do so.

20.    Defendants BOA, CAPONE, and TSYS have agreed to and understand they must follow the requirements of the FCRA including:

a)    15 U.S.C. § 1681(a)(1)(a) which states, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

b)    15 U.S.C. § 1681(a)(1)(B) which states, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -

(i)    the person has been notified by the consumer[1], at the address specified by the person for such notices, that specific information is inaccurate; and

(ii)    the information is, in fact, inaccurate."

c)    15 U.S.C. § 1681(a)(2) which states, "[a] person who -

---

[1]    The notice comes from the federal bankruptcy court relating directly to the consumer.

      (A)    regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

      (B)    has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate."

21.    Defendants BOA, CAPONE, and TSYS know that parking a balance will lead to the publication of false and defamatory information every time Plaintiffs' credit reports are accessed.   However, Defendants intentionally and maliciously intends to force Plaintiffs, and others similarly situated, to pay on an account that has been discharged.

22.    Plaintiffs' credit reports have been accessed since the discharge and therefore the false information of Defendants BOA, CAPONE, and TSYS have been published to third parties.

23.    When the consumers pay the "parked" account, Defendants BOA, CAPONE, and TSYS claim that such payment was merely "voluntarily" or to pay off a "moral obligation."   Defendants know and intend that, by willfully and maliciously parking

Page **7** of **16**

the account on the credit report, an illegal payment can be extorted from the
consumers.

24.     Despite receiving disputes regarding their false reporting, Defendants BOA,
        CAPONE, and TSYS have intentionally and knowingly maintained their policy of
        keeping false and damaging information on at least one of Plaintiffs' credit reports.

25.     Defendants BOA, CAPONE, and TSYS have a practice of maliciously, willfully,
        recklessly, wantonly, and/or negligently violating, ignoring, and refusing to follow
        the requirements of the FCRA, FDCPA, ADTPA, federal law and state law.

26.     All actions taken by employees, agents, servants, or representatives of any type
        for Defendants BOA, CAPONE, and TSYS were taken in the line and scope of
        such individuals' (or entities') employment, agency, or representation.

27.     The actions of Defendants BOA, CAPONE, and TSYS were malicious, wanton,
        reckless, intentional or willful, and performed with either the desire to harm
        Plaintiffs, and/or with the knowledge that its actions would very likely harm
        Plaintiffs, and/or that its actions were taken in violation of the law.

28.     Defendants BOA, CAPONE, and TSYS have engaged in a pattern and practice of
        wrongful and unlawful behavior with respect to accounts and consumer reports
        which subjects them to punitive and statutory damages, and all other appropriate
        measures to punish and deter similar future conduct.

29.     The actions, omissions, misrepresentations, and violations of the FCRA, FDCPA,
        federal law, and state law of Defendants BOA, CAPONE, and TSYS, regarding
        Plaintiffs' alleged debts, as described herein, constitute harassment which has

resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiffs, proximately causing Plaintiffs to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiffs will in the future continue to suffer the same.

30. Defendants EQUIFAX and EXPERIAN have failed and/or refused to verify the accuracy of the information it has published and continues to publish in Plaintiffs' credit reports.

31. The intentional, reckless, and willful violations of the FCRA, federal law and state law of Defendants EQUIFAX and EXPERIAN have resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiffs proximately causing Plaintiffs to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiffs will in the future continue to suffer the same.

## COUNT ONE
## DEFENDANTS BOA, CAPONE, AND TSYS
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

32. Plaintiff restates and reiterates herein all previous paragraphs.

33. Defendants attempted to collect a consumer debt allegedly owed by Plaintiffs and the obligation required Plaintiffs to pay money arising out of transactions for personal, family, and household purposes.   More specifically, the following actions of Defendant violated the FDCPA:

a)   Falsely attempting to collect a debt, by reporting a balance, when there is no legal right to collect the discharged debt;

Page **9** of **16**

    b)      Taking illegal actions against Plaintiff;

    c)      Refusing to properly update the accounts;

    d)      Failing to show the accounts as being "disputed" by Plaintiff; and

    e)      Reporting the invalid debt on Plaintiff's credit reports.

34.    The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of its routine debt collection business and/or in gross reckless disregard of the rights of Plaintiffs.

35.    The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692, *et seq.*

36.    As a result of the above violations of the FDCPA, Defendants are liable to Plaintiffs for a declaratory judgment that its conduct violated the FDCPA, and Plaintiffs' actual damages, statutory damages, costs and attorney's fees under 15 U.S.C. 1692k, civil liability [Section 813 of Pub. Law].

**COUNT TWO**
**DEFENDANTS BOA, CAPONE, TSYS, EQUIFAX, AND EXPERIAN**
**VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT**
**ALA. CODE 1975 § 8-19-3, *et seq.***

37.    Plaintiffs restate and reiterate herein all previous paragraphs.

38.    The conduct described herein has caused actual confusion or misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

39.    Said conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3, *et seq.*, and in the course of business that is prohibited, unfair, and deceptive.

40.     The foregoing acts and omissions of Defendants were undertaken by them
        willfully, intentionally, and knowingly as part of their routine debt collection
        business, and Plaintiffs relied upon such representations as being lawful, yet such
        conduct is prohibited.

41.     The conduct described herein has tremendous potential to be repeated where
        other consumers similarly situated will be treated with the same unscrupulous,
        unethical, unfair and deceptive acts and practices.

42.     Defendants' unfair and deceptive acts have proximately caused emotional and
        actual damages and Defendants are liable to Plaintiffs for such injury.


## COUNT THREE
## DEFENDANTS BOA, CAPONE, TSYS, EQUIFAX, AND EXPERIAN
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, *et seq.*

43.     Plaintiffs restate and reiterate herein all previous paragraphs.

44.     In the entire course of their actions, Defendants willfully and/or negligently violated
        the provisions of the FCRA in the following respects:

        a)      By willfully and/or negligently failing, in the preparation of the consumer
                reports concerning Plaintiff, to follow reasonable procedures to assure
                maximum possible accuracy of the information in the reports;

        b)      By willfully and/or negligently failing to comport with FCRA section 1681i;

        c)      Defaming Plaintiff by publishing to third parties false information regarding
                Plaintiff's creditworthiness;

Page **11** of **16**

d)    Invading the privacy of Plaintiff; and

e)    Failing in their duty to prevent foreseeable injury to Plaintiff.

45.    The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting business and/or in gross reckless disregard of the rights of Plaintiff.

46.    The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FCRA, 15 U.S.C. § 1681, *et seq.*

47.    As a result of the above violations of the FCRA, Defendants are liable to Plaintiffs for a declaratory judgment that Defendants' conduct violated the FCRA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees under the FCRA.


## COUNT FOUR
## DEFENDANTS BOA, CAPONE, TSYS, EQUIFAX, AND EXPERIAN
## NEGLIGENT, RECKLESS AND WANTON CONDUCT

48.    Plaintiffs restate and reiterate herein all previous paragraphs.

49.    Defendants' acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiffs.

50.    As a proximate consequence of Defendants' negligence, Plaintiffs have been caused to suffer severe emotional and mental distress.

51.    As a result of the Defendants' unlawful acts, Defendants are liable to Plaintiffs for actual, compensatory, and punitive damages, and costs and attorney's fees.

## COUNT FIVE
## DEFENDANTS BOA, CAPONE, TSYS, EQUIFAX, AND EXPERIAN
## HARASSMENT

52. Plaintiffs restate and reiterate herein all previous paragraphs.

53. Defendants' acts, as described herein, were done so intentionally, maliciously, and willfully, and without care or concern for Plaintiffs' well being.  Defendants' harassing collection tactics created a hostile environment for Plaintiffs.

54. Defendants wrongfully exploited Plaintiffs in an attempt to coerce Plaintiffs into paying the alleged debts.

55. Defendants' communications to Plaintiffs were offensive and harassing.

56. As a proximate consequence of Defendants' harassment, Plaintiffs have been embarrassed, offended, humiliated, emotionally distressed, and forced to hire the services of an attorney.

## COUNT SIX
## DEFENDANTS BOA, CAPONE, TSYS, EQUIFAX, AND EXPERIAN
## INVASION OF PRIVACY

57. Plaintiffs restate and reiterate herein all previous paragraphs.

58. Defendants' conduct, as described herein, constitutes an invasion of Plaintiffs' privacy in that it intrudes into Plaintiffs' private life, publishes private facts regarding Plaintiffs, and places Plaintiffs in a false light in the eyes of those to whom the publications are made.

59. As a direct and proximate consequence of Defendants' acts of invading Plaintiffs' privacy, Plaintiffs have been injured in that Plaintiffs have been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## COUNT SEVEN
## DEFENDANTS BOA, CAPONE, TSYS, EQUIFAX, AND EXPERIAN
## DEFAMATION

60.   Plaintiffs restate and reiterate herein all previous paragraphs.

61.   Defendants published false information about Plaintiffs by reporting to one or more of the CRAs either a false account or balance.

62.   Each time the credit reports of Plaintiffs were accessed, a new publication occurred, which was the result intended by Defendants.

63.   Plaintiffs allege that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiffs.

64.   As a direct and proximate consequence of Defendants' acts of defamation, Plaintiffs have been injured in that Plaintiffs have been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## COUNT EIGHT
## DEFENDANTS BOA, CAPONE,and TSYS
## MISREPRESENTATION

65.   Plaintiffs restate and reiterate herein all previous paragraphs.

66.   Defendants intentionally, maliciously, recklessly and/or negligently misrepresented material facts in that it falsely represented that Plaintiffs owe money to that Defendant.

67.   Defendants intend that those who review the credit reports of Plaintiffs will rely upon the misrepresentations and suppressions of material facts related to the balances owed and the lack of indication that the accounts were discharged in bankruptcy.

68.   Defendants have intended that the justifiable and reasonable reliance by others would adversely affect Plaintiffs.

69.    As a direct and proximate consequence of Defendants' acts of misrepresentation, Plaintiffs have been injured in that Plaintiffs have been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

a)    Award Plaintiff actual damages;

b)    Award Plaintiff punitive damages;

c)    Award Plaintiff state and federal statutory damages;

d)    Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment to be determined at trial;

e)    Award Plaintiff reasonable attorney's fees and costs of this litigation; and

f)    Grant such other and further relief as this Honorable Court deems just and proper.

RESPECTFULLY SUBMITTED, this the _____ day of May, 2009.

_____
K. ANDERSON NELMS (NEL022)
*Counsel for Plaintiff*

Anderson Nelms and Associates, LLC
2005 Cobbs Ford Road, Suite 301A
Prattville, AL 36066
334-351-1770
334-351-1774 - Fax
courtnotices@andersonnelms.com


**THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

Bank of America, National Association c/o
The Corporation Company
2000 Interstate Park Drive, Ste 204
Montgomery, AL 36109

Capital One Agency, LLC c/o
CSC Lawyers Incorporating Srv Inc
150 S Perry St
Montgomery, AL 36104

TSYS Total Debt Management, Inc c/o
CSC Lawyers Incorporating Srv Inc
150 S Perry St
Montgomery, AL 36104

Equifax Credit Information Services, Inc. c/o
Prentice Hall Corporation System Inc
150 S Perry St
Montgomery, AL 36104

Experian Information Solutions, Inc. c/o
The Corporation Company
2000 Interstate Park Drive, Ste 204
Montgomery, AL 36109